IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY 2 2 2008

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | NO. CR 07-1927 BB |
| **ALONSO P. GRADO**, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ALONSO P. GRADO**, and the defendant's counsel, JAMES LANGELL:

## REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to a two count information to be filed charging in Count 1 a violation of 21 U.S.C. § 846, that being Conspiracy; and charging in Count 2 a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), that being possession with intent to distribute 5 grams and more of methamphetamine, and 18 U.S.C. § 2, that being aiding and abetting.

## SENTENCING

4. The defendant understands that the maximum penalty the Court can impose as to each count is:

    a. imprisonment for a period of not less than five (5) years nor more than forty (40) years;

    b. a fine not to exceed $2,000,000;

    c. a mandatory term of supervised release of at least four (4) years (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. It is expressly understood and agreed by and between the defendant and the United States that:

    a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to in paragraph 7, below.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

d. The defendant recognizes that this plea agreement has already conferred a benefit upon the defendant and that no downward departure is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or "adjustment" from the applicable offense level or criminal history category as determined by the Court. This specifically precludes any claim by the defendant, pursuant to U.S.S.G. § 4A1.3, that the criminal history category overstates the seriousness of defendant's criminal history. The defendant agrees that the advisory guideline range as determined by the agreed upon stipulations is reasonable in light of 18 U.S.C. § 3553 and US v. Booker, 543 U.S. 220 (2005). The defendant agrees not to seek a sentence below the advisory guideline range. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or adjustment, the United States reserves the right, in its sole discretion, to withdraw this plea agreement and to proceed to trial on all charges before the Court.

## STIPULATIONS

7. The United States and the defendant stipulate as follows:

a. Pursuant to U.S.S.G. § 2D1.1(c), the parties stipulate that the defendant is responsible for approximately 49 pure grams of methamphetamine.

b.  Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

c.  Provided the defendant meets the requirements of U.S.S.G. §3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

d.  The defendant possessed a "dangerous weapon" (to wit. a firearm) and is responsible for an increase of two (2) levels pursuant to U.S.S.G. § 2D1.1(b)(1).

e.  The defendant possessed a firearm in connection with the offense for purposes of U.S.S.G. § 5C1.2(A)(2).

8.  The defendant recognizes and understands that this plea agreement with the United States is expressly contingent on the defendant's co-defendants, **Elsa A. Denogean, Raul Palmer and Rudy Jake Garcia-Acosta** also entering a plea of guilty in conformity with their plea agreements with the United States. The United States reserves the right, in its sole discretion, to revoke the plea agreements pertaining to the defendant and co-defendants, should the defendant and co-defendants fail to enter guilty pleas in accordance with their individual agreements with the United States, or attempt to withdraw those guilty pleas.

9.  The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a

matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S OBLIGATIONS

10. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information concerning the defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## WAIVER OF APPEAL RIGHTS

11. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and/or any sentence within the statutory maximum authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

12. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico. In addition, the United States agrees to dismiss the

Superseding Indictment filed October 19, 2007. Moreover, an enhancement pursuant to 21 U.S.C. § 851 will not be filed for defendant's prior conviction.

13. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

14. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

15. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the information filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

16. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

17. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 22nd day of May, 2008.

GREGORY FOURATT
United States Attorney


GREGORY B. WORMUTH
Assistant U.S. Attorney
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(575) 522-2304 - Tel.
(575) 522-2391 - Fax


I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.


ALONSO P. GRADO
Defendant


JAMES LANGELL
Attorney for Defendant

N:\lromero\Gregg\Drugs\Grado Alonso.PA per sup info.wpd